IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, <br><br>                     Plaintiffs, <br>   and <br><br>CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO & VICINITY, <br>                     Plaintiff, <br>   v. <br><br>TABITHA VENTURES, INC., an Illinois corporation, and PEAK CONSTRUCTION SERVICE OF ILLINOIS, LLC, An Illinois limited liability corporation, also d/b/a PEAK CONSTRUCTION SERVICES OF ILLINOIS, LLC, <br>                     Defendants. | Case No.: 24 C 5143 <br><br>Honorable Lindsay C. Jenkins <br><br>Magistrate Judge Appenteng |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
DAMAGES IN SUM CERTAIN PURSUANT TO RULE 55(b)**

Now come Plaintiffs, Chicago & Vicinity Laborers' District Council Pension, Welfare, and Retiree Health and Welfare Funds and Catherine Wenskus, (collectively referred to herein as the "Funds"), by and through their attorney, Sara S. Schumann, and Plaintiff Construction and General Laborers' District Council of Chicago & Vicinity (the "Union" or "District Council"), by and through their attorney Colleen Kilbride, and hereby move per Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for entry of judgment damages in sum certain jointly and severally against Defendants Tabitha Ventures, Inc. ("Tabitha"), and Peak Construction

Service of Illinois, LLC, also doing business as Peak Construction Services of Illinois, LLC ("Peak" or the Defendants are collectively referred to as the "Company"). In support of this Motion, Plaintiffs state:

1. On June 30, 2024, the Funds and District Council filed their joint Complaint against Company, seeking to compel Company to pay its obligations owed per the Calibre CPA Group's compliance audit of Company's books and records, covering January 1, 2020 through June 30, 2023 ("Calibre Audit"). Further, the District Council seeks to enforce the final and binding award of the Joint Grievance Committee ("JGC") that explicitly determined Tabitha and Peak were single employer and alter egos, and which award includes the Calibre Audit findings to be paid to Funds, and also includes unpaid wages, dues, per diem, tool and mileage reimbursements that the JGC found were owed to the Union on behalf of two of its members, who had been employed by Company. Additionally, Funds and Union seek Company pay all assessed liquidated damages ("LD"), interest, accumulated LD, audit costs and attorneys' fees and costs incurred in Plaintiffs' efforts to enforce Company's compliance with the CBA and Funds' respective Agreements and Declarations of Trust, and to collect those above amounts as pleaded in the Complaint.

2. Service was effectuated on Company's Registered Agent as to Tabitha on July 31, 2024, and as to Peak on August 14, 2024 (See Docket No. 15, Plaintiffs' Motion for Entry of Order of Default, Exhibit A, True and Accurate copies of the respective affidavits of service).

3. Company failed to defend this action and the Court ordered entry of default on October 3, 2024 (See Docket No. 17).

4. Company and Union are parties to an Independent Construction Industry Collective Bargaining Agreement ("Memorandum"), which was also attached to Plaintiffs'

Complaint, and is attached hereto as Exhibit A-1. The Memorandum incorporates and adopts the Joint Agreements between the Union and various employer associations (Exh. A-1 at ¶2). The Joint Agreements at all times relevant govern the terms and conditions of employment of Company's employees in the bargaining unit represented by the Union. A copy of one of the Joint Agreements ("CAICA") is attached as Exhibit A-2 (collectively the Memorandum and Joint Agreements are referred to as the "Agreement" or "CBA").

5. Per Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and the Agreements and Declarations of Trust, Funds are entitled to judgment damages in sum certain against Company, per its obligations, arising from the Agreement, as well as from the also incorporated respective Funds' Agreements and Declarations of Trust, attached hereto with the Affidavit of Funds' Field Department Representative Alicia Grossi (See Exh. A Grossi Affidavit, Exh.A-1 Memorandum, Exh.A-2 CAICA, Exh.A-3 Pension Fund, Exh.A-4 Welfare Fund, Exh.A-5 Retiree Welfare Fund, Exh.A-6 Training Fund, Exh.A-7 LECET, and Exh.A-8 LDCLMCC).

6. As explained by Ms. Grossi, the Agreement and the Funds' respective Agreements and Declarations of Trust to which Company is bound require it to submit benefit reports and contribution payments by the tenth day of the following month. Payments not received within thirty (30) days of this date are assessed liquidated damages ("LD") in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Retiree Welfare, Pension and Training funds, and in the amount of ten (10) percent of the unpaid or late contributions to the LDCLMCC, CAICA and LECET funds (referred to as "Industry Funds"),

and for Union dues, and interest is assessed at the rate of twelve (12) percent from the date of the delinquency forward (See Exh. A, ¶¶ 2-4 Grossi Affidavit, and Exhs. A-1 through A-9).

7. The Agreement and the Funds' respective Agreements and Declarations of Trust further obligate Company to submit its books and records to the Funds for periodic audits to determine benefit contribution compliance, and when there are findings or litigation is necessary to gain compliance with the auditing process or to collect the amounts found owed, the signatory company is obligated to pay the audit costs, as well as obligated to obtain and maintain a bond (See, Exh. A, Grossi Affidavit at ¶¶5-9; and Exhs. A-1 through A-9).

8. Additionally, per agreement the Funds have been duly authorized to act as collection agents on behalf of the Union for the collection of union dues owed (See, Exh. A, Grossi Affidavit at ¶3).

9. A copy of the Calibre Audit and Summary, covering the period from January 1, 2020 through June 30, 2023 was sent to Company for revue and with a deadline to raise any objections or to pay the amounts owed. A true and accurate redacted copy of the Calibre Audit and Summary Report are attached hereto as Exhibit A-9, reflecting Defendants owe $10,093.42 in unpaid principal contributions and dues owed to Funds for that audit period, and the total amount owed per the Calibre Audit Summary Report is $15,049.00 (See, Exh. A, Grossi Affidavit at ¶¶ 5-7, and Exh. A-9 Calibre Audit and Summary).

10. As established by Ms. Grossi, Funds are entitled to judgment damages against Company as follows:

| | |
|---|---|
| $ 10,093.42 | Principal contributions and dues |
| $ 1,956.19 | LD assessed on the Calibre Audit findings |
| $ 537.11 | Acc. LD assessed on untimely paid dues and industry funds |
| $ 654.78 | Accumulated interest |
| $ 1,807.50 | Calibre Audit cost |
| **$ 15,049.00** | **Amount owed to Funds per Calibre Audit** |

(See, Exh. A, Grossi Affidavit ¶¶2-8; and Exhs. A-9).

11. Plaintiffs Funds are also entitled to its attorneys' fees and costs under ERISA, 29 U.S.C. § 1132(g)(2)(B), as well as per the Agreement. As established by the undersigned, Funds incurred $11,368.50 in attorneys' fees and costs in this action (See, Exh. B, Schumann Affidavit; Exh. B-1 Fee Report; Exh. A, Grossi Affidavit at ¶8; Exh. C, Flanagan Affidavit at ¶9).

12. Plaintiff District Council is entitled to enforcement of the final and binding JGC Award, as established by Martin Flanagan, who is the Assistant Business Manager and Grievance Director for the District Council (See Affidavit of Martin Flanagan attached hereto as Exhibit C).

13. On July 14, 2023, Mr. Flanagan sent a letter to Tabitha and Peak's owner, regarding Grievance No. 23-97 (the "Grievance"), which was filed by the Union's associated Local 4 representative, against signatory employer Tabitha, alleging Tabitha and Peak operated as single employers and alter egos, and had violated the Agreement, affecting members of that Local. A true and accurate copy of Mr. Flanagan's letter to Mr. Taiwo and copy of the Grievance is attached to Flanagan's Affidavit as Exhibit C-1 thereto.

14. Plaintiffs the Funds had the independent auditing firm conduct an audit to determine benefit amounts owed by Company to the Funds, covering the period of January 1, 2020 through June 30, 2023. Those Calibre Audit findings include corresponding benefit amounts owed on behalf of Local 4's members included in the related Grievance (See Exh. C, Flanagan Affidavit at ¶ 4; Exh. C-1 Flanagan Letter and Grievance).

15. As Mr. Flanagan attests, the Company failed to schedule a pre-grievance and the matter was set for hearing before the Joint Grievance Committee ("JGC") on March 19, 2024 (See Exh. C Flanagan Affidavit at ¶ 5; Exh. C-1 Flanagan Letter and Grievance).

16. On March 19, 2024, Tabitha and Peak's owner, Edward Taiwo, appeared and participated in that hearing before the JGC on the Grievance (Exh. C Flanagan Affidavit at ¶ 6).

17. The JGC is a committee made up of equal Management representatives and Labor representatives. By a majority decision of the JGC the Grievance was upheld in its entirety and the final and binding award was issued ("JGC Award"). A true and accurate copy of the JGC Award is attached to Mr. Flanagan's Affidavit as Exhibit C-2 (See, Flanagan Affidavit at ¶ 7).

18. On March 19, 2024, the JGC held Tabitha and Peak are a single employers and alter egos, and the Company was ordered to make the following payments within thirty days to:

- Pay $1,488.14 in wages, minus all applicable taxes and work dues deduction to Chris Janke
- Pay $73.83 in wages, minus all applicable taxes and work dues deduction to Aidan Janke
- Pay the associated work dues deducted to the Work Dues Department
- Pay Chris Janke $3,422.00 ($1875 per diem, $557 mileage, and $990 tool reimbursements)
- Pay Aidan Janke $1,625 per diem
- Pay the Funds $15,049.00 for the Calibre Audit findings
- Pay the above relief within thirty (30) days of this ruling or Company shall also pay to the Union, in addition to the foregoing relief, LD equal to fifty percent (50%) of the monetary award and all court costs and reasonable attorney fees actually incurred by the party enforcing the award.

(See Exhibit C-2, the JGC Award; and Flanagan Affidavit at ¶ 8).

19. Company failed to pay any of the JGC Award within the thirty-day period from March 19, 2024, and those amounts remain owed at this time. Thus, the Company now owes:

- $15,049.00 to Funds for the Calibre Audit, plus the Funds Attorneys' fees and costs incurred in enforcing the Agreement and the JGC Award.

- $9,913.46 to the Union ($6,608.97 owed on behalf of its members and $3,304.49 for the LD assessed on the JGC Award).

(See Exhibit C, Flanagan Affidavit at ¶ 9, and Exhibit C-2 the JGC Award).

20. Pursuant to the JGC Award and the Calibre Audit, both the Union and the Funds are entitled to their respective judgment damages, including the Funds' attorneys' fees and costs

incurred in its efforts to enforce the Agreement (See Exhibit A, Grossi Affidavit; Exhs. A1-A9; Exhibit B, Schumann Declaration; Exhibit B-1 Time Report; Exhibit C-2, JGC Award).

21. Pursuant to the Agreement, Defendants must also obtain and maintain a bond (See Exh. A, Grossi Affidavit at ¶9).

22. Pursuant to Rule 55(b) of the Fed. R. of Civil P, Plaintiffs respectfully move the Court to enter an award in its favor for judgment damages in the total amount of **$36,330.96**, jointly and severally against Defendants Tabitha Ventures, LLC and Peak Construction Service of Illinois, LLC also d/b/a Peak Construction Services of Illinois, LLC, and request that the Court set this motion for hearing per the Notic of Motion, which will follow, providing enough time for Defendants to receive a copy of the Motion and Notice of Motion by certified mail.

WHEREFORE Plaintiffs respectfully request this Court enter an order for judgment damages in sum certain in favor of Plaintiffs and pursuant to Rule 55(b) of the Fed R. Civ. P., enforcing the Union's Joint Grievance Committee's Award, finding Defendants single employers and alter egos, awarding the total amount of $36,330.96 jointly and severally against Defendants Tabitha Ventures, Inc. and Peak Construction Service of Illinois, LLC, also doing business as Peak Construction Services of Illinois, LLC, and ordering Defendants obtain and maintain a bond in accordance with the Agreement.

Respectfully submitted,

LABORERS' PENSION AND WELFARE FUNDS,

October 15, 2024          By:    /s/ Sara S. Schumann
                                         *Associate Fund Counsel*

Sara S. Schumann
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 15th day of October, 2024 she served the foregoing Motion for Order of Judgment Damages in Sum Certain to the individuals and entities as addressed below via email sent that same day and via certified mail sent by the following day.

    Tabitha Ventures, Inc., and                              (Via Certified Mail and Email)
    Peak Construction Service of Illinois, LLC
    c/o Edward Taiwo, President, Manager and Owner
    12217 N. Woodcrest Dr.
    Dunlap, IL 61525
    edward@tabithainc.com

    Tabitha Ventures, Inc., and                              (Via Certified Mail)
    Peak Construction Service of Illinois, LLC
    c/o Steven Davison, Registered Agent
    206 E. North Lakeview Dr
    East Peoria, IL 61611

                                                                                             /s/Sara S. Schumann